UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

98-0023 CR-LENARD

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | NO: | |
| ) | 21 USC 846 | MAGISTRATE JUDGE |
| v. ) | 21 USC 841(a)(1) | BANDSTRA |
| ) | 21 USC 853 | |
| LAZARO ITURRALDE ) | 18 USC 2 | |
| and ) | | |
| JOAQUIN RIVERO ) | **INDICTMENT** | |
| _____ ) | | |

The Grand Jury charges that:

### COUNT I

From on or about January 14, 1998, the exact date being unknown to the Grand Jury, and continuing to on or about January 15, 1998, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**LAZARO ITURRALDE
and JOAQUIN RIVERO,**

did knowingly and intentionally combine, conspire, confederate and agree with persons unknown to the Grand Jury to possess with intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

### COUNT II

On or about January 15, 1998, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**LAZARO ITURRALDE
and JOAQUIN RIVERO,**

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine; in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## FORFEITURE

In committing one or more of the felony offenses alleged in Counts I and II of the Indictment, the United States is entitled to forfeiture of, and the defendants **LAZARO ITURRALDE and JOAQUIN RIVERO**, shall jointly and severally forfeit to the United States property constituting and derived from any proceeds the defendants obtained directly or indirectly, as the result of such violations and property used or intended to be used, in any manner, or part, to commit or to facilitate the commission of said violations, including $37,700.00 in United States currency recovered from the defendants on January 15, 1998.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
THOMAS E. SCOTT
UNITED STATES ATTORNEY

_____
ALOYMA M. SANCHEZ
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA            98-0023-CR-LENARD

V.                                                          MAGISTRATE JUDGE
                                                            BANDSTRA

LAZARO ITURRALDE, et. al.           **CERTIFICATE OF TRIAL ATTORNEY***

**Related Case Information:**

| | | |
|---|---|---|
| SUPERSEDING | Yes ___ | No _X_ |
| New Defendant(s) | Yes ___ | No ___ |
| Number of New Defendants | ___ | |
| Total number of counts | ___ | |

**Court Division:** (Select One)

_X_ Miami    ___ Key West
___ FTL      ___ WPB    ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:           (Yes or No) _YES_
   List language and/or dialect _SPANISH_

4. This case will take _3_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                          (Check only one)

   | I   | 0 to 5 days       | _X_ | Petty    | ___ |
   |-----|-------------------|-----|----------|-----|
   | II  | 6 to 10 days      | ___ | Minor    | ___ |
   | III | 11 to 20 days     | ___ | Misdem.  | ___ |
   | IV  | 21 to 60 days     | ___ | Felony   | _X_ |
   | V   | 61 days and over  | ___ |          |     |

6. Has this case been previously filed in this District Court? (Yes or No) _NO_
If yes:
   Judge: _____    Case _____
   (Attach copy of dispositive order)

7. Has a complaint been filed in this matter? (Yes or No) _YES_
If yes:
   Magistrate Case No. ____98-_____-JOHNSON_____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _1/15/98_
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

8. This case originated in the U.S. Attorney's office prior to August 16, 1985. _NO_

                                            _____
                                            ALOYMA M. SANCHEZ
                                            ASSISTANT UNITED STATES ATTORNEY
                                            FLORIDA BAR NO. 0717509

*Penalty Sheet(s) attached                   REV.12/12/96N:\UDD\PGLENN\CERTIFIC.SVC

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

98-0023 CR-LENARD

Defendant Name: LAZARO ITURRALDE     Case No. _____ MAGISTRATE JUDGE BANDSTRA

| Count 1 | CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE |
|---|---|
| | 21:846 |
| *Max Penalty: | LIFE IMPRISONMENT |
| Count 2 | POSSESSION WITH INTENT TO DISTRIBUTE COCAINE |
| | 21:841(a)(1) |
| *Max Penalty: | LIFE IMPRISONMENT |
| Count | |
| Max Penalty: | |
| Count 4 | |
| *Max Penalty: | |
| Count | |
| *Max Penalty: | |

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

98-0023 CR-LENARD

Defendant Name: JOAQUIN RIVERO      Case No. _____  MAGISTRATE JUDGE BANDSTRA

| Count 1 | CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE |
|---|---|
| | 21:846 |

*Max Penalty: LIFE IMPRISONMENT

| Count 2 | POSSESSION WITH INTENT TO DISTRIBUTE COCAINE |
|---|---|
| | 21:841(a)(1) |

*Max Penalty: LIFE IMPRISONMENT

Count

Max Penalty:

Count 4

*Max Penalty:

Count

*Max Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

98-0023-CR-LENARD

MAGISTRATE JUDGE BANDSTRA

# UNITED STATES DISTRICT COURT

SOUTHERN District of FLORIDA

CRIMINAL Division

## THE UNITED STATES OF AMERICA

vs.

LAZARO ITURRALDE

and JOAQUIN RIVERO

## INDICTMENT

21:846
21:841(a)(1)
21:853

A true bill.

*James E. Brown* — Foreman

Filed in open court this 20th day of January A.D. 1998

*[signature]* — Clerk

Bail, $ ----

FORM DBD-34
JUN 85

INDICTMENT NUMBER 97B-SP0023

UNITED STATES OF AMERICA
SOUTHERN DISTRICT COURT

CASE NO. 98-2052 - Johnson

UNITED STATES OF AMERICA,

v.

Joaquin Rivero

**NOTICE OF TEMPORARY APPEARANCE AS COUNSEL**

hgt
1-16-98

COMES NOW _Julio Jimenez_ and files this temporary appearance as counsel for the above named defendant(s) at initial appearance. This appearance is made with the **understanding** that the undersigned counsel will fulfill any **obligations imposed** by the Court such as **preparing and filing documents** necessary to collateralize any **personal surety bond** which may be set.

Counsel's Name (**Printed**) _Julio Jimenez_

Counsel's Signature _Julio E. Jimenez_

Address _815 Ponce De Leon_

_Coral Gables_, ZIP CODE: _33134_

Telephone (___) _445-6655_

koia.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-2052- Johnson

UNITED STATES OF AMERICA

    Plaintiff,

ORDER ON INITIAL APPEARANCE
Language __SPANISH__
Tape No. __98FX-6-1434__
AUSA __William White__

v.

JOAQUIN A. RIVERO (J)58018-004
    DOB 12/4/35

Agent __FBI/M.L. BERTHON, JR.__
    944-9101

    Defendant.
_____/

    The above-named defendant having been arrested on __1/15/98__ having appeared before the court for initial appearance on __1/16/98__ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _Luis X Mene_ appeared as permanent/temporary counsel of record.
   Address: __815 Ponce de Leon__
   Zip Code: __33134__  Telephone: __445-6615__
2. _____ appointed as permanent counsel of record. __1-16-98__
   Address: _____
   Zip Code: _____  Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on __1/26/98__, 1998.
4. Arraignment/Preliminary/Removal/Identity hearing is set for __10am__ __1/26__, 1998.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for __10am__, 1998.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142: __PSB $250,000 PSB co-signed by daughter, son-in-law, ex-wife, 3 children__

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
✓ a. Surrender all passports and travel document to the Pretrial Services Office.
✓ b. Report to Pretrial Services as follows: ___times a week by phone ✗ ___time a week in person; other: _____
✓ c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___ d. Maintain or actively seek full time gainful employment.
___ e. Maintain or begin an educational program.
___ f. Avoid all contact with victims of or witnesses to the crimes charged.
✓ g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___ h. Comply with the following curfew: _____

___I. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:

_____

This bond was set: At Arrest _____
                      On Warrant _____
                      After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ____

_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

    **DONE AND ORDERED** at Miami, Florida, this 16TH day of JANUARY 1998.

                                      UNITED STATES MAGISTRATE JUDGE
                                      **LINNEA R. JOHNSON**

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

koia.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-2052 - Johnson

UNITED STATES OF AMERICA

    Plaintiff,

**ORDER ON INITIAL APPEARANCE**
Language ___SPANISH___
Tape No. _98FX - 6 - 143___

v.

AUSA _William White_

LAZARO S. ITURRALDE (J)58019-004
    DOB 4/7/65

Agent ___FBI/ROBERT J. JONES___
    944-9101

    Defendant.
_____/

    The above-named defendant having been arrested on __1/15/98__ having appeared before the court for initial appearance on __1/16/98__ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon
    **ORDERED** as follows:
1. _____ appeared as permanent/temporary counsel of record.
    Address: _____
    Zip Code: _FPD_. Telephone: _____
2. _____ appointed as permanent counsel of record.  1-16-98
    Address: _____
    Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____, 1998.
4. Arraignment/Preliminary/Removal/Identity hearing is set for 10am __1/26__, 1998.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _Risk of flight & danger to the community_
    A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for 10am __1/21__, 1998.
6. The defendant shall be released from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:

_____
_____

    This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person; other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.
___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____

___I. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:

_____

This bond was set: At Arrest ____✓____
                   On Warrant _____
                   After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ____

_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at <u>Miami, Florida</u>, this <u>16TH</u> day of <u>JANUARY    1998.</u>

_____
UNITED STATES MAGISTRATE JUDGE
LINNEA R. JOHNSON

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

# United States District Court

_____ SOUTHERN _____ DISTRICT OF _____ FLORIDA _____

UNITED STATES OF AMERICA

V.
LAZARO ITURRALDE
and JOAQUIN RIVERO

CRIMINAL COMPLAINT

CASE NUMBER: 98-2052-Johnson

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. From on or about 1/14/98, to on or about 1/15/98, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants did knowingly and intentionally, combine, conspire, confederate and agree, with persons known and unknown, to possess with intent to distribute, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine; and further did knowingly and intentionally, possess with intent to distribute, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

I further state that I am a Special Agent and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

ngA
1-16-98

_____
(INSERT AGENT'S NAME)
MAURICE L. BERTHON, JR.
FEDERAL BUREAU OF INVESTIGATION

Sworn to before me, and subscribed in my presence,

_____
Date

at Miami, Florida
   City and State

_____
Name and Title of Judicial Officer

_____
Signature of Judicial Officer

A.SANCHEZ:mlb

## AFFIDAVIT

I, Maurice L. Berthon Jr., being first duly sworn, depose and say that I am a sworn Law Enforcement Officer and a Special Agent for the Federal Bureau of Investigation, and have been so employed for approximately thirteen years. For the past 6 years, I have worked investigations involving drug trafficking and money laundering. I have attended seminars and have received training involving drug trafficking and money laundering. I am familiar with distribution methods used by drug traffickers. The information contained below was obtained by personal observation, interviews, and information received from other law enforcement officers.

1. On January 15, 1998, based on an ongoing investigation, officers were in the area of NW 77th Avenue and 54th Street, Miami, Florida, where officers observed two unidentified male subjects, hereafter referred to as Unsub 1 and Unsub 2 driving in a gray Jeep Cherokee, bearing Ohio registration ADU 4077. Unsubs 1 and 2 were observed removing what appeared to be license plates from the Jeep and take them into a business at that location. Unsubs 1 and 2 then entered a 1998 Plymouth Breeze, bearing Florida registration WUU 09L, and depart the area of NW 77th Avenue and 54th Street and drive to Tropical Park, entering at the north entrance and driving through the park where they started driving in a manner consistent with counter-surveillance techniques employed by drug traffickers. After driving through the park for approximately 5 minutes, they exited the park from the south exit and drove west on Miller Drive to the corner of SW 102 Avenue and enter the parking lot of Ortega Supermarket, located on the south west corner of the above location.

1

2. After the Plymouth arrived at the parking lot, officers observed Unsubs 1 and 2 park next to an unoccupied tan Cadillac bearing Florida registration DBJ 893. The driver of the Plymouth, Unsub 1, opened the rear passenger door of the Cadillac and took a brown U-Haul box, which appeared to be heavy from the Cadillac and placed the box into the rear seat area of the Plymouth. Unsub 1 re-entered the Plymouth and departed the area heading south on SW 102 Avenue.

3. The Plymouth then drove west to the south west corner of SW 107 Avenue and Miller Drive and entered the Rose Auto Parts Plaza, parking the vehicle in front of Rose Auto Parts. Both Unsubs exited the Plymouth and walked south through the plaza.

4. At this time, a law enforcement officer, walked up the Plymouth and looked in the area of the rear seat, where he observed in plain view, the same box which had been removed from the above mentioned Cadillac. The box contained several packages wrapped in blue cellophane which the law enforcement officer from his numerous years of experience investigating drug trafficking, to be consistent with the packaging of cocaine.

5. Thereafter, defendant number 1, later identified as LAZARO ITURRALDE and a female, later identified as MAGALY BERNACE, entered the Plymouth. At the same time, the gray Jeep, described above, driven by an unidentified female, entered the plaza and picked up Unsub 1 and Unsub 2.

6. The jeep departed the area east on Miller Drive and evaded surveillance in the area of SW 105th Avenue.

2

7. At this time, the Plymouth headed east on Miller Drive was stopped by surveilling officers at SW 99th Place and Miller Drive. At this time, a consent search was initiated of the Plymouth which included the use of a Florida Highway Patrol (FHP) drug dog. The drug dog gave a positive alert to the box which had been previously observed by the law enforcement officer. A total of approximately 14 kilograms of cocaine were seized.

8. ITURRALDE and BERNACE were detained and transported to Coral Gables Police Department (CGPD) for further investigation.

9. Officers then went to 10800 SW 61st Street, Miami, Florida which is the address to which the above mentioned Cadillac was registered. Officers then observed the Cadillac depart the residence driven by defendant #2 later identified as JOAQUIN A. RIVERO. RIVERO drove to the Ortega Supermarket parking lot and went into the market. RIVERO exited the market and was stopped by an FHP Trooper where he was advised of his rights. RIVERO gave the Trooper written consent to search his residence.

10. As a result of that search, an additional (4) kilograms of cocaine, numerous items of drug processing and packing equipment and $37,700.00 in U.S. currency was seized from the residence. A box similar to the box which contained the above mentioned 14 kilograms was located in a storage shed behind the residence. RIVERO was detained and transported to CGPD for further investigation.

11. Upon arrival at CGPD, all three subjects provided statements. After being advised of their <u>Miranda</u> rights, and waiving same.

3

12. A drug field test was conducted on a sample of the seized cocaine and tested positive.

13. When interviewed, ITURRALDE advised that GERMAN (LNU) told him to transport the cocaine in the vehicle to Hialeah where GERMAN (LNU) would call him later with instructions for delivery. IRUARRLDE verbally advised that he knew the box contained cocaine and that he would be paid an unknown amount of money for the delivery.

14. When interviewed, RIVERO advised that he had been in possession of the cocaine found in his home for approximately four to five days. The cocaine was brought to his home by a German (LNU). His instructions from German was to hold the sixteen kilos until contacted. Earlier on January 15, 1998, German contacted RIVERO and requested him to box fourteen kilos and meet with him. RIVERO met with German and gave him the keys to his car which contained the box with the fourteen kilos. A few minutes later German returned with RIVERO's car keys. RIVERO then went to his car and observed that the box with the fourteen kilos of cocaine was no longer in his car. Later, RIVERO was stopped by the police and returned to his residence with them where he gave them consent to search his residence. RIVERO advised that the cocaine found in his residence as a result of the search was the cocaine originally brought to his home by German.

15. RIVERO further advised that the cocaine press and scales found in his residence belonged to him. He advised that he used the cocaine press and scales to process cocaine. RIVERO advised that he has been involved in a distribution of cocaine for approximately one and a half years. RIVERO was paid $300.00 per kilo for holding the cocaine for German.

16. This affidavit does not purport to contain all of the facts of the investigation, but rather establish the level of probable cause necessary, to justify the arrest of the defendants.

FURTHER AFFIANT SAYETH NAUGHT.

*[signature]*
MAURICE L. BERTHON, JR.
SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

Sworn and subscribed to before me this
___ day of January, 1998.

*[signature]*
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA ]
                 Plaintiff ]
       -vs-           ]
                          ]
Joaquin A. Rivero ]
          Defendant

CASE NUMBER: CR 98-2052-

REPORT COMMENCING CRIMINAL ACTION Johnson

58018.004
USMS Number

****************************************************************

TO: CLERK'S OFFICE   (MIAMI)   FT. LAUDERDALE   W. PALM BEACH
    U.S. DISTRICT COURT         (circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES COURT ABOVE.
****************************************************************
COMPLETE ALL ITEMS. INFORMATION NOT APPLICABLE ENTER N/A.

(1) DATE AND TIME OF ARREST: 1/15/98 ____ AM ____ PM ✓

(2) LANGUAGE SPOKEN: Spanish

(3) OFFENSE(S) CHARGED: 21 USC 841 & 846

(4) UNITED STATES CITIZEN: (✓) YES ( ) NO ( ) UNKNOWN

(5) DATE OF BIRTH: 12/4/35

(6) TYPE OF CHARGING DOCUMENT: (check one)
[ ] INDICTMENT   [✓] COMPLAINT TO BE FILED/ALREADY FILED
    CASE # _____
[ ] BENCH WARRANT FOR FAILURE TO APPEAR
[ ] PROBATION VIOLATION WARRANT
[ ] PAROLE VIOLATION WARRANT
ORIGINATING DISTRICT: SDF
COPY OF WARRANT LEFT WITH BOOKING OFFICER [ ] YES [✓] NO

AMOUNT OF BOND: $ PTD    WHO SET BOND? _____

(7) REMARKS: _____

(8) DATE: 1/15/98   ARRESTING OFFICER: M. L. Berthon Jr

(10) AGENCY: FBI   (11) PHONE: (305) 944-9101

(12) COMMENTS: _____

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA ]   CASE NUMBER: CR 98-2052-Johnson
                 Plaintiff ]
         -vs-              ]   REPORT COMMENCING CRIMINAL ACTION
                           ]
LAZARO S. ITURRALDE        ]   58019-004
         Defendant             USMS Number

*********************************************************************

TO: CLERK'S OFFICE  (MIAMI)   FT. LAUDERDALE   W. PALM BEACH
    U.S. DISTRICT COURT        (circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES COURT ABOVE.
*********************************************************************
COMPLETE ALL ITEMS.  INFORMATION NOT APPLICABLE ENTER N/A.

(1) DATE AND TIME OF ARREST: 1/15/98    AM ___ (PM) 3:30

(2) LANGUAGE SPOKEN: SPANISH

(3) OFFENSE(S) CHARGED: T21, USC 841 & 846

(4) UNITED STATES CITIZEN:  ( ) YES  (X) NO  ( ) UNKNOWN

(5) DATE OF BIRTH: 4/7/65

(6) TYPE OF CHARGING DOCUMENT: (check one)
    [ ] INDICTMENT       [X] COMPLAINT (TO BE FILED)/ALREADY FILED
    CASE # _____
    [ ] BENCH WARRANT FOR FAILURE TO APPEAR
    [ ] PROBATION VIOLATION WARRANT
    [ ] PAROLE VIOLATION WARRANT
    ORIGINATING DISTRICT: _____
    COPY OF WARRANT LEFT WITH BOOKING OFFICER [ ] YES  [ ] NO

AMOUNT OF BOND: $_____    WHO SET BOND? _____

(7) REMARKS: _____

(8) DATE: 1/15/98   ARRESTING OFFICER: ROBERT J. JONES

(10) AGENCY: FBI        (11) PHONE: (305) 944-9101

(12) COMMENTS: _____