UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

　　　　Plaintiff,

v.                                          Case No.: 98-023-CR-LENARD
                                                      00-220-CR-LENARD

JOAQUIN RIVERO,

　　　　Defendant.
_____/

## MEMORANDUM OF LAW

　　　　The Defendant, Joaquin Rivero, by and through undersigned counsel hereby files this Memorandum of Law to support the factual testimony contradicting evidence adopted at the plea colloquy and states:

*Introduction:*

　　　　The Defendant, Joaquin Rivero, has objected to various findings in the PSI inclusive of drug quantity, role in the offense, and acceptance of responsibility and in support of those objections has presented evidence at the sentencing hearing via the testimony of the Defendant. The evidence submitted contains some material facts contradictory and dissimilar to facts elucidated at his plea hearing.

　　　　The Court has ordered the parties to brief whether a defendant can contest a fact admitted to during a guilty plea at a later time. This Memorandum ensues.

*The Issue:*

　　　　This cause presents the Court with the issue of whether the facts contested in Objections to the PSI which are dissimilar to and conflict with those in the factual proffer adopted as true

during the plea colloquy are presumptively true? Or does their previous admission preclude them from being contested at a later time?

*The Procedural Aspects:*

1. On April 2, 1998, a Change of Plea Hearing was held in case no.: 98-023-CR-Lenard, pursuant to F.R. Cr. Pro. Rule 11. The essential factual, record testimony established during the colloquy was:

   a. Mr. Rivero consented to a search of his residence; and
   b. The officers found four (4) kilos in a box in a storage shed; a box similar to the one that contained the fourteen (14) kilos; and
   c. Thirty-seven thousand, seven hundred dollars ($37,700) in cash and four (4) handguns were fund in a bedroom drawer; and
   d. Scales, packaging materials, mixings and paraphernalia were also found; that Mr. Rivero agreed that the cocaine paraphernalia and scales belong to him; and
   e. The defendant agreed that he possessed the four (4) kilos for four to five (4-5) days and that when brought to his house by Sosa he was instructed to hold the cocaine until contacted.
   f. That he had been distributing cocaine for about one (1) to one and half (1 ½) years.
   g. During the hearing Mr. Rivero agreed that the $37,700.00 which he had forfeited was constituted or derived from proceeds obtained directly or indirectly as a result of the violations with which he was charged.[1]

2. At the plea, Mr. Rivero was asked if the prosecutor's statement of the facts was correct, which Rivero, while under oath, answered yes and when asked if he had any further additions, deletions or corrections, Mr. Rivero said he did not.

3. Thereafter the defendant filed Amended Objections (hereinafter Objections), to the PSI Report which presented the Court with contrasting, conflicting and dis-similar facts to those which the Defendant had previously agreed were true and correct.

---

[1] It must not be forgotten that the reporting police officer claimed that the box was open, allowing him to see packages similar to one's in the past which contained cocaine, in plain view.

4. The Objections established that predecessor counsel's defense strategy (which he continually conveyed to Mr. Rivero) was to not contest the government's version of the facts, to enable him to negotiate a good deal, meaning the least incarceration possible.

5. Whenever counsel presented the defendant with a document or verbalized facts which the defendant knew were not true and told counsel they were not true the rejoinder would be to remember the strategy is to not make waves, not contest things which make the government have to litigate them.

6. The Objections also establish that the defendant had a long-term relationship, both professional and social with prior counsel and placed all his faith and trust in his attorney's recommendations.

7. At the sentencing hearing the Court was asked to consider the testimony concerning the dissimilar facts in making its determination of whether to sustain or deny said Objections. And whether to sustain said objections to the PSI or not.

8. Since the facts underpinning the Objections to PSI contradicted and were so dissimilar to the facts established and adopted at the Rule 11 Change of Plea Hearing, the Court ordered the Defendant to brief what and how it desired the Court to rule on them; and the parties to brief whether it had authority to do so.

*The Factual Underpinning:*

Undersigned counsel's more than two (2) year investigation via interviews, into and discovery of the true facts underpinning Mr. Rivero's criminal involvement *sub judice*, renders many of the guideline calculations gleamed from the Criminal Complaint, the Factual Proffer, the PSI Report and the Rule 11 hearing incorrect and untrue. Indeed, all of the facts regarding the

purchase, packaging, mixing and storage of the compounds, the entire preparation procedure, and almost all of his admissions to the arresting officers (save his renting the efficiency for illegal purposes), were false and never occurred.[2] Importantly, the reason why Mr. Rivero did not contest those facts and did not object to them was that he was counselled that the defense strategy was not to contest facts and he followed instructions of counsel.

At their first consultation, the evening before his first appearance hearing, when Mr. Rivero admitted to his counsel, Julio Jimenez that he had delivered a box containing fourteen (14) kilos of cocaine to its owner. Upon hearing that, Mr. Jimenez opined that the best course of action was to waive trial and negotiate a favorable "deal," which involved entering a guilty plea.

The favorable "deal" (which translated as the case unfolded, to three to four (3-4) years' incarceration),[3] would only be attainable if a certain strategy was followed:[4] not to "make waves", create conflict, or contradict the government's view of his misconduct. When documents were presented to the defense, including pleadings which substantially affected the guideline calculations[5] (role in the offense and drug quantity), and the Defendant informed counsel the underlying facts were in error, he was reminded of the strategy.[6]

Unfortunately, as regards what Mr. Rivero's criminal conduct entailed, the strategy paradigm failed to require accuracy at the Rule 11 Hearing. Somehow, counsel failed to ensure

---

[2] Those same facts also affect the 18 USC 3553 factors, which in turn infuse the inquiry into the Variance request.
[3] Corroborated by the Acceptance of Responsibility statement prepared by counsel, wherein the defendant acknowledges he will have to serve several years in prison.
[4] It is extremely common that once a defendant decides to plead guilty and cooperate, he is far less combative and litigious than if the case were to be tried. The problem *sub judice* is that while the strategy may have been thought to be in Mr. Rivero's best interest, counsel allowed him to agree to underlying facts which were not true and did not occur; facts which adversely affected the guideline calculations. The result was that Mr. Rivero was portrayed as being far more involved in the criminality than he was.
[5] As well as the 18 USC 3553 (a) factors.
[6] Mr. Rivero had a long-term relationship with his counsel, both professional and social, which resulted in complete and unquestioning trust.

that the proffer filed contained appropriate, truthful assertions while still allowing appropriate, cogent, non-conflicting factual objections to the PSI Reports.[7] So that when he was asked to adopt facts which were not true, sometimes under oath, he did so because he was counselled and as part of the strategy about which he was constantly reminded.

The investigation by undersigned counsel also made clear that Defendant Rivero's relevant conduct in the charged conspiracy was circumscribed by only two activities: 1) he agreed to allow Sosa to use the efficiency to prepare cocaine for sale for which he was to be paid; and 2) he delivered a box knowing it contained fourteen (14) kilos of cocaine to Sosa on the day of his arrest. Essentially, he was a passive participant until the day of his arrest.

The defendant followed his attorney's advice at the plea, and the strategy adopted rendered some of the admissions of fact he made in locution unknowing and involuntary.[8] Certainly, this case does not involve *lapsus linguae*. Mr. Rivero did not use infelicitous choices of words when he testified that the prosecutor's proffer was true and correct, and needed no modifications. He was following instructions from his counsel; effecting a failed strategy.[9]

Importantly, Mr. Rivero distanced himself from Sosa's operation completely. After he entered into the agreement, until the day of his arrest, he never went into the efficiency during

---

[7] It seems patently clear that counsel never became familiar with the true details of Mr. Rivero's criminal conduct. Whenever Mr. Rivero tried, counsel would remind him that would create conflict and disagreement with the government's understanding; violative of the strategy paradigm, something they were trying to avoid at all costs. No consultation regarding the details of Mr. Rivero's involvement was ever had; it was seemingly unnecessary, The defendant's wife was present at the two (2,) substantive, consultations with counsel and corroborates counsel's total reliance on the strategy.

[8] Usually, counsel's ineffectiveness is raised in the context of seeking to withdraw a plea or set aside a plea agreement. Neither is present here. The defendant is seeking, to have all relevant evidence presented for consideration by this Court.

[9] The defense could have achieved its purported goal by admitting to delivering the fourteen (14) kilos and removing the untrue facts from the proffer; that would have been counsel's duty.

Sosa's tenancy. Therefore, he never participated in the preparation of any cocaine. And he had no discussions with Sosa or anyone else about cocaine other than his agreement to allow Sosa to use the efficiency.

Mr. Rivero has also sought variances in both within causes, in part based upon the facts which were made known for the first time in the defendant's final objections to PSI, and Motion for Variance.

*Briefing of the Issues:*

The U.S. Eleventh Circuit Court of Appeals held in *United States v. Martinez*, 584 F.3d 1022 (11th Cir. 2007) that a fact admitted to during a guilty plea cannot later be contested when it appears in the defendant's PSI.[10] To support the holding the court cited a single case, *United States v. Bennett*, 472 F.3d 825, 832-833 (11th Cir. 2006). Strangely and interestingly, *Bennett* does not support such a holding. Bennett is a waiver case having nothing to do with the Martinez holding!

In *Martinez*, the defendant admitted at the plea colloquy that the government could prove he orchestrated weekly shipments of marijuana. He and his co-conspirators utilized fictitious return addresses, had the parcels shipped to co-conspirators, utilized others to mail and/or receive the packages and employed Western Union wire transfers to send drug proceeds to each other. In relevant part *Martinez'* PSI mimicked those allegations, adding also that he utilized his family members. *Martinez* objected to the PSI findings.

---

[10] In contrast, almost every other circuit court, record evidence of facts later contradicted create only a rebuttable presumption of correctness and truth.

Martinez objected at sentencing to the fact that orchestrating the shipments established him as a leader. The court did not allow him to argue his objection as it had previously (at the plea) been admitted.

In *Bennett* the PSI found that he was an armed career criminal and had committed at least three prior felonies (violent burglaries). The government had provided certified copies of the indictments describing the offense conduct and corresponding convictions to Bennett in discovery. At sentencing, Bennett objected to the use by the probation officer of police reports in preparation of the PSI but failed to object to the underlying facts of his prior convictions. Notwithstanding Bennett's failure to object, the Court assured itself Bennett understood the crimes to which he was agreeing to plead, engaged Bennett and his counsel in a long diatribe concerning the burglaries and whether they were violent in nature. Bennett ultimately confirmed to the Court that he fully understood that his guilty plea to the burglaries itself, established that they were crimes of violence.

On appeal, for the first time, Bennett objected and argued that the PSI statement of the probation officer that he derived the information about the prior burglary convictions from court records should not have been accepted by the Court. The appellate court held that Bennett had waived this argument (which would not in any case been sufficient to overturn the sentence). **Nowhere** in the entire Bennett opinion **did it hold,** or even speak to anything which supports the reference to *Bennett* in *Martinez* **that an admitted fact cannot be contested later. Bennett was simply a waiver ruling! *Bennett* had nothing to do with Martinez' attribution and cite reference to it!** It was clearly a ghost reference. **Martinez erroneously set in motion an entire body of law without an appropriate precedent.**

In *United States v. Jones*, No. 18-12674 (11th Cir. 2020), another case which subsequently relied on Martinez' ghost, the Eleventh Circuit again held that where the PSI appear in the defendant's PSI.[11]

There is support for the proposition that facts established at plea are rebuttable presumptions. "Any allegations a defendant makes in a 2255 petition cannot overcome his contrary statements under oath during a plea allocution, which must be given presumptive force of truth. Of course, a factual stipulation in a plea agreement is only valid if it was knowing and voluntary." See, *Khawar v. United States*, 2016 U.S. District Court LEXIS 148348; *Hsu v. United States*, 954 F.Supp 2d at 221; *Granik v. United States*, 386 F.3d at 413.

This Court has a duty to consider all relevant evidence at sentencing even if that evidence emanates from the same source as and conflicts with evidence adduced at trial.[12] In the final analysis, this duty derives from the Due Process Clause, which guarantees every defendant a "right to be sentenced upon information which is not false or materially correct." U, S, v. Tarvano, 12 F.3d 301, (1st Cir. 1993); *U. S. v. Berzon*, 941 F.2d 8, 18 (1st Cir. 1991); *United States v. Curran*, 926 F.2d 59, 61 (1st Cir. 1991). To give content to this right a Court must take pains to base sentencing judgments upon reliable and accurate information. See, *Berzon, supra*, *United States v. Prescott*, 920 F.2d 139 (2d Cir. 1990). And to assure itself that a piece of proof is sufficiently reliable a Court must consider all the available evidence, including conflicting evidence.

---

[11] In *Jones*, the Court conducted a lengthy colloquy with the defendant after he had objected to the factual proffer of the government. The Court took a recess, allowed counsel to consult with *Jones* to ensure that he understood the nature and extent of what he was agreeing to in the proffer. When they returned to court *Jones* agreed to the exact same facts to which he later objected.

[12] In this context plea colloquy, plea agreement, trial testimony, affidavits in support of collateral attacks are used synonymously.

The Criminal Rules are designed to nourish the due process right to be sentenced based on substantially accurate information. *See, Curran, supra; United States v. Gerante*, 891 F.2d 364, 367 (1st Cir. 1989). A district court confronted with an error of fact via an objection to a presentence report must make either "(i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." Fed.R.Cr.P. 32(c)(3)(D); *United States v. Wells Metal Finishing, Inc.*, 922d F.2d 54 (1st Cir. 1991). The federal sentencing guidelines slant in the same direction and, to that extent, also nourish the due process right:

> When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor… U.S.S.G. §6A1.3[13]

"We hold, consistent with the dictates of due process, that both Fed.R.Crim.P. 32(c)(3)(D) and U.S.S.G. §6A1.3 require a sentencing court independently, to consider proffered information that is relevant to matters of consequence in the sentencing determination. A reviewing court is obliged to consider all available evidence having probative value, including but not limited to, witnesses prior inconsistent statements and other proof contradicting witnesses' trial testimony, and to pass independent judgment thereon." *See Tarvano, supra.*

Additionally, the factual proffer made in connection with the plea is merely to provide a factual basis for the Court in a Rule 11 Plea to determine that a crime was committed, and that the defendant committed it. It is not a plea agreement which is ostensibly reviewed thoroughly by the defendant and counsel at their leisure and signed by the parties and the defendant. In contrast the factual proffer is a rendition read into the record containing numerous facts circumscribing the defendant's criminal conduct. The proffer merely met Rule 11 requirements.

---

[13] This provision not only requires sentencing courts to afford defendants a fair opportunity to present information relevant to sentencing (including information at variance with trial testimony), but also requires courts to mull any information adduced.

It was not affected to preclude the parties from identifying sentencing factors and there was no agreement by the parties as to the facts elicited controlling the sentencing guidelines.

The Requests of the Court:

Joaquin Rivero requests this Court to allow him to establish and support his Objections and his request for Variance a) with testimony, some of which will be dissimilar to the facts agreed to at the plea hearing; b) consider and weigh all the testimony; and c) make all findings, determinations and rulings which flow from the evidence and the applicable law.

WHEREFORE, the Defendant, Joaquin Rivero, prays this Honorable Court grant the requests made herein.

Respectfully Submitted,

MICHAEL BLACKER, P.A.
Post Office Box 162850
Miami, Florida 33116
Telephone:  (305) 510-8538
Facsímile:  (305) 445-5990
E-Mail: michael.blackerpa@gmail.com

By: *Michael Blacker*
Michael Blacker

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion has been electronically filed and served via EM/ECF on this 25th day of October, 2022, in accordance with all applicable rules of procedure and administration.

By: *Michael Blacker*
Michael Blacker